ORIGINAL
D&F
C/M
FILED
IN CLERK'S OFFICE
N.Y.
MAY 26 2005 ★
A.M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MONICKA C. JONES,

        Plaintiff,

  -against-

DR'S MARINA NEYSTAT, and ADVANCED
MEDICAL CARE & JACQUELIN EMMANUEL,
and THE EXAMS INC., now called "EXPERT
OPINION SPECIALTIES" and AIMEE LYNN
ACCESSORIES together with its Agents both
jointly and severally,

        Defendants.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 05-CV-686 (FB)

*Appearances:*
*For the Plaintiff:*
MONICKA C. JONES, *pro se*
225 Park Place, Apartment 5F
Brooklyn, NY 11238

**BLOCK, District Judge:**

        Plaintiff, Monicka C. Jones ("Jones"), proceeding *pro se*, asserts a claim under the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. §§ 1961-68. Plaintiff has paid the requisite filing fee to bring this action. For the reasons set forth below, the complaint is dismissed.

## I. BACKGROUND

        Plaintiff alleges that, on October 21, 2000, she was involved in an automobile accident; she subsequently sued defendant Aimee Lynn Associates ("Aimee Lynn") in New York State court. In the course of the suit, Jones submitted to an independent medical

examination performed by defendant Marina Neystat ("Neystat"), a neurologist, and defendant Jacquelin Emmanuel ("Emmanuel"), an orthopedist; both doctors were owners or employees of defendant The Exams Inc. (now Expert Opinions Specialties).

Jones alleges that, on February 24, 2003, Neystat and Emmanuel conducted a "sham examination," Compl. ¶ 3, "misrepresented and falsified their reports for the purpose of concealment of [Jones's] injuries," Compl. ¶ 10, "completed their known false medical reports upon the plaintiff by swearing...under the penalties of perjury," Compl. ¶ 13, and "us[ed] the U.S. Postal Service to mail and file these instruments of harm against the plaintiff." Compl. ¶ 13. Jones further alleges that Neystat and Emmanuel did this "for the sole purpose of securing a goodly reputation in the accident insurance business by money saved by the defendants Aimee Lynn Accessories." Compl. ¶ 29. Finally, Jones alleges that Aimee Lynn submitted the false medical reports to the State court, which dismissed her suit on March 22, 2004. Based on these allegations, Jones seeks "to restore her case to the trial calendar for a jury trial or in the alternative provide financial restoration to economic losses plaintiff sustained." Compl. at 17.

## II. DISCUSSION

A district court has the inherent authority to "dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee." *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000). "A complaint is frivolous when, among other things, it is based on an indisputably meritless legal theory, *i.e.*, it lacks an arguable basis in law." *Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999) (dismissing *pro se* RICO claim).

2

Jones's claim is frivolous. In the first place, her request to have her State-court action reinstated is barred by the *Rooker-Feldman* doctrine. Moreover, her theory that the defendants are liable under RICO is indisputably meritless.

## A. *Rooker-Feldman* Doctrine

To the extent Jones seeks reinstatement of her State-court action, the *Rooker-Feldman* doctrine precludes this Court from exercising jurisdiction. The doctrine provides that, "because only the United States Supreme Court may review a final decision of a state court, federal district courts do not have jurisdiction over claims that have already been decided, or that are 'inextricably intertwined' with issues that have already been decided, by a state court." *Bridgewater Operating Corp. V. Feldstein*, 346 F.3d 27, 29 (2d Cir. 2003) (citing *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923), and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983)). Thus, this Court has no jurisdiction to undo the State court's dismissal of Jones's suit against Aimee Lynn.

## B. RICO

As an alternative to restoration of her State-court action, Jones seeks "financial restoration to economic losses." Compl. at 17. RICO creates a claim for damages, *see* 18 U.S.C. § 1964(c), but such a claim requires (1) a violation of 18 U.S.C. § 1962; (2) an injury to business or property; and (3) causation of the injury by the § 1962 violation. *See Pinnacle Consultants v. Leucadia Nat'l Corp.*, 101 F.3d 900, 903-04 (2d Cir. 1996). As pertinent here, section 1962 makes it unlawful "for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such

3

enterprise's affairs through a pattern of racketeering activity[.]" 18 U.S.C. § 1962(c). Thus, at "[t]he heart of any RICO complaint is the allegation of a pattern of racketeering." *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 154 (1987).

To demonstrate a "pattern of racketeering activity," a plaintiff must allege at least two predicate racketeering acts that occurred within a ten-year period. *See* 18 U.S.C. § 1961 (5). Because "Congress was concerned in RICO with long-term criminal conduct," "a plaintiff must provide some basis for a court to conclude that defendants' activities were neither isolated nor sporadic." *GICC Capital Corp. v. Technology Fin. Group, Inc.*, 67 F.3d 463, 465-67 (2d Cir. 1995) (citation and internal quotation marks omitted). Thus, a plaintiff must show "that the predicate acts are related and that they amount to, or pose a threat of, continuing criminal activity." *Id.* at 465. (citing *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239 (1989)).

Mail fraud constitutes a predicate racketeering act. *See* 18 U.S.C. § 1961(1)(B). As with all allegations of fraud, predicate acts that involve fraud must be stated with particularity. *See Moore v. PaineWebber, Inc.*, 189 F.3d 165, 172-73 (2d Cir. 1999) (citing Fed. R. Civ. P. 9(b)).

The only facts alleged with sufficient particularity in Jones's complaint are that, on a single occasion, Neystat and Emmanuel knowingly made misstatements in their medical reports and sent them through the U.S. Mail; such facts do not establish a "pattern of racketeering activity." Nor does Jones make any allegations that the defendants were part of a criminal enterprise engaged in or affecting interstate commerce.

In short, Jones's theory that defendants are liable under RICO is indisputably

4

meritless. Her claim, therefore, is frivolous.

## III. CONCLUSION

For the foregoing reasons, Jones's complaint is dismissed.[1]

**SO ORDERED.**

/ Signed /

_____
FREDERIC BLOCK
United States District Judge

Brooklyn, New York
May 24, 2005

---

[1] Although Jones's complaint alludes to state-law torts like medical malpractice, RICO is the only basis for federal jurisdiction in this case. Under 28 U.S.C. § 1367, the Court has supplemental jurisdiction over state-law claims; however, where, as here, all federal claims have been eliminated before trial, concerns of judicial economy, convenience, fairness and comity usually "point toward declining to exercise jurisdiction over the remaining state-law claims." *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003) (citing 28 U.S.C. § 1367(c)). The Court finds that to be the case here; any state-law claims raised in the amended complaint are, therefore, dismissed without prejudice.

5